UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

BLH (dob) 2/20/97), by parents/general
Guardians Kenneth and Angela Hensley,
AND on behalf of all other similarly
situated,

    C/A No.: 7:11-cv-02827-GRA

  Plaintiff,

v.

    **ORDER**
    (Written Opinion)

Lillian Koller, individually and in her
official capacity as State Director of
SCDSS; Elizabeth Patterson, individually
as Former State Director of SCDSS;
Kim Aydlette, individually as Former
Director of SCDSS; and Kathleen Hayes,
individually as Former Director of
SCDSS,

  Defendants.
_____

  This matter comes before the Court upon cross-motions for Summary Judgment and Plaintiff's Motion for Class Certification. A hearing was held on August 9, 2012. For the reasons set forth below, this Court denies Plaintiff's Motion for Summary Judgment, denies Defendants' Motion for Summary Judgment, and grants Plaintiff's Motion for Class Certification.

## BACKGROUND

  In 1999, Plaintiff's adoptive parents, Kenneth and Angela Hensley, entered into an Adoption Assistance Agreement with the South Carolina Department of Social Services, which provides adoption subsidy payments to the Hensleys for the support of Plaintiff, a minor with designated special needs. In June 2002, Defendant

Elizabeth Patterson unilaterally cut adoption subsidy and foster care subsidy benefits to approximately 4,100 children in South Carolina due to budget issues. In 2004, the foster care subsidy benefit was reinstated but the adoption subsidy was not. Plaintiff brings this suit under § 1983 and alleges that Defendants' action violated her rights established by the Adoption and Child Welfare Act and the Contracts Clause.

## **DISCUSSION**

### I. Plaintiff's Motion for Class Certification

In *Gunnells v. Healthplan Servs, Inc.*, the Fourth Circuit stated that:

> Class actions must meet several criteria. First, the class must comply with the four prerequisites established in Rule 23(a): (1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). Second, the class action must fall within one of the three categories enumerated in Rule 23(b). . . .

348 F.3d 417, 423 (4th Cir. 2003).

Plaintiff bears the burden of proving the proposed class complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Windham v. Am. Brands, Inc.*, 565 F.2d 59, 64–65 n.6 (4th Cir. 1977) (en banc) ("[T]he proponent of class certification has the burden of establishing the right to such certification under Rule 23."); *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) ("The party seeking class certification bears the burden of proof." (citing *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1267 (4th Cir. 1981))). Plaintiff needs not establish her case on the merits. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (quoting *Miller v. Mackey Int'l*, 452 F.2d 424, 427

(5th Cir. 1971) (internal quotations omitted)); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir. 2003) (recognizing that the Supreme Court holds that courts may not consider the merits of a plaintiff's case in ruling on a motion for class certification). A preliminary evaluation of the merits is permissible, if necessary to make specific factual findings that the case meets the requirements of Rule 23. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1312–13 (4th Cir. 1978). The district courts have wide discretion in deciding whether to certify a proposed class, and a court's ruling on class certification may be reversed only upon a showing of abuse of that discretion. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 630 (1997).

The numerosity requirement of Rule 23(a)(1) is met where the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied." *Kelley v. Norfolk & W. Ry. Co.*, 584 F.2d 34, 35 (4th Cir. 1978). Accordingly, the numerosity inquiry must be address the particular facts and circumstances of each case. *See Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) ("[A]pplication of the [Rule 23] is to be considered in light of the particular circumstances of the case and generally, unless abuse is shown, the trial court's decision on this issue is final."). While there is no magic number threshold that must be met in order to meet the numerosity requirement, more than one or two potential class members are required. *See Kelley*, 584 F.2d at 35–36 (finding no error in district court's determination that numerosity was not met by the proposed class of approximately eight to twenty-five members); *Brown v. Eckerd Drugs, Inc.*, 669 F.2d 913, 917 (4th Cir. 1981) ("[I]t is well

settled that one or two will not meet the numerosity test."). However, it is clear that it does not take many potential class members to satisfy Rule 23(a)(1). *See, e.g.*, *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (holding that seventy-four class members sufficient to meet the numerosity requirement); *Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984) (finding that between forty-six to sixty members satisfied the numerosity requirement).

The Court finds Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1). It is readily apparent, and Defendants do not dispute, that Defendants entered into approximately 4,100 contracts with adoptive parents of special needs children. Plaintiffs have satisfied their burden under Rule 23(a)(1).

> i. *Commonality and Predominance of Factual and Legal Issues/ Requirements of Rule 23(a)(2)*

The commonality requirement of Rule 23(a)(2) is met when a plaintiff's claims have "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court recently clarified that, in order to satisfy the commonality requirement, the plaintiff must "demonstrate that the class members 'have suffered the same injury,'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)), and must be "capable of classwide resolution," meaning "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," *id.* "A question is not common, by contrast, if its resolution turns on a consideration of the individual circumstances of each class member." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 314, 319 (4th Cir. 2006) (internal quotations and citations omitted).

Plaintiff asserts that she has satisfied this requirement because "each named Plaintiff and each putative class member [was] subject[ed] to the same action by Defendants" when the Defendants unilaterally cut the benefits at issue. Defendants argue (1) that Plaintiff overlooks the portion of 42 U.S.C. § 673(a) that requires an individualized plan and review for each prospective class member and (2) that each prospective class member may not be allowed to recover the monthly twenty dollar payment because it might violate state and federal law. In considering these arguments, this Court finds that commonality is met in this case because the putative class members were subject to a uniform, across-the-board cut of benefits, in the exact same amount, at the exact same time.

*ii. Typicality*

The typicality requirement of Rule 23(a)(3) is met where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement tests whether the "representative party's interest in prosecuting [her] own case . . . [will] simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). Plaintiff's claims need not be "perfectly identical" to absent class members, *id.* at 467; however, Plaintiff must be able to "advance the same factual and legal arguments," *Broussard v. Meineke Disc. Muffler Shops, Inc*, 155 F.3d 331, 340 (4th Cir. 1998), as the class she seeks to represent. Here, Defendants concede that this requirement is likely met. This Court agrees and finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3).

### iii. Adequacy of Class Representative

The adequacy requirement of Rule 23(a)(4) is met where it is shown that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The determining factor in the adequacy analysis is whether Plaintiff will vigorously prosecute her claims on behalf of the class. *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 325, 329 (D.S.C. 1991). Central to that inquiry is "(i) whether plaintiff[] [has] any interest antagonistic to the rest of the class, and (ii) whether plaintiff['s] counsel [is] qualified, experienced and generally able to conduct the proposed litigation." *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 325, 330 (D.S.C. 1991) (internal quotation marks omitted) (citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987)).

In Defendants' Response in Opposition to Plaintiff's Motion to Class Certification, they argue that (1) Plaintiff is not an adequate class representative because she was a substitute party in order to circumvent the statute of limitations in this case, (2) Plaintiff was not a "real party" to the contract at issue here, and (3) Plaintiff is a minor. However, the Court finds fault with this argument. First, the fact that Plaintiff is a minor does not make her an inadequate representative in this case. Next, the Court finds that Plaintiff is properly considered a third-party beneficiary to the contract entered into by her adoptive parents and the South Carolina Department of Social Services in this case and, as such, can enforce the contract. Therefore, the Court holds that Plaintiff is an adequate class representative in this case. After

reviewing the briefs and oral arguments, this Court finds that all requirements under Rule 23 are met.[1]  Thus, class certification in this case is proper.

## II. Cross-Motions for Summary Judgment

Both parties in this case move for summary judgment.  Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  To grant a motion for summary judgment, the court must find that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The judge is not to weigh the evidence but rather must determine if there is any genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  All evidence should be viewed in the light most favorable to the nonmoving party.  *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).  However, the "non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in [its] pleadings."  *Rucker v. Greenville Cnty. Sheriff Dep't*, No. 10-01533, 2012 U.S. Dist. LEXIS 37685, at *6 (D.S.C. Mar. 20, 2012).  Moreover, "[t]he existence of a mere scintilla of evidence in support of the nonmoving party's position is insufficient to withstand the summary judgment motion[, and] conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment

---

[1] From the briefs and the oral arguments, it does not appear that Rule 23(b) requirements are in dispute here.

motion." *Nat'l Specialty Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 10-826, 2012 U.S. Dist. LEXIS 69456, at *6–7 (D.S.C. May 18, 2012).  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In the case at hand, the following is at issue: (1) whether there is a violation of a right that would entitle Plaintiff to relief under § 1983; (2) whether the Plaintiff has standing to bring this case; (3) whether Plaintiff failed to state a claim under § 1983 for a violation of the Contracts Clause; (4) whether the Plaintiff's claims are barred by the statute of limitation; (5) whether the Defendants are entitled to qualified immunity; and (6) whether the Defendants are "persons" amendable to suit under § 1983. After hearing oral arguments on August 9, 2012 and a thorough review of the record, this Court holds that neither party is entitled to summary judgment in this case because genuine issues of material fact exist in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification is GRANTED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

August 17, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.